IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL HODGE and CHRIS MACKEY,**

    Plaintiffs,

vs.                                          **Civ. No. 99-561 DJS/WWD-ACE**

**SGT. MARK RHOADS, et al.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiffs' Opposed Motion and Memorandum for Leave to Amend the Complaint filed December 17, 1999. Docket No. 36. Defendants responded on December 29, 1999 and Plaintiffs replied on January 10, 2000. Plaintiffs are seeking an order from this Court allowing them to file an amended complaint. Plaintiffs' motion is not well taken and will be denied.

Federal Rule of Civil Procedure 15(a) allows for the amendment to a complaint and states that "leave shall be freely given when justice so requires." However, when a court finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment", leave to amend should be

denied. Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). Untimeliness alone is sufficient to deny leave to amend, "'especially when the party filing the motion has no adequate explanation for the delay.'" Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994)(citations omitted). Furthermore, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Las Vegas Ice and Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990).

Plaintiffs filed their original complaint on May 18, 1999. This motion was filed almost seven months later. At the time of the motion was filed, the discovery deadline was December 31, 1999. The deadline for discovery was extended to February 1, 2000. Plaintiffs give no reason for the delay in filing their motion to amend and the motion will be denied for this reason.

Moreover, the record demonstrates undue delay and prejudice to the opposing party. Plaintiffs move to add three additional officers but give no reason as to why the Plaintiffs could not have identified them in the original complaint. Nor do the Plaintiffs tell the Court when they knew the identity of these officers. Plaintiffs also move to amend to add a claim under 42 U.S.C. Sec. 1983 for malicious abuse of process. Plaintiffs alleged a state tort claim for malicious abuse of process in the original complaint. Plaintiffs give no explanation why the federal claim

2

was not included in the original complaint. Finally, in the proposed amended complaint, Plaintiffs change the phrase "and other black males" to "people of color." Plaintiffs give no explanation for this requested amendment. They assert they will be calling Hispanics as witnesses but do not seek to add additional Plaintiffs. This is not a sufficient basis for this amendment.

Plaintiffs have agreed to withdraw their claims of excessive force arising out of an incident on October 11, 1996. The parties may submit a stipulated order to the court dismissing these claims.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiffs' Opposed Motion and Memorandum for Leave to Amend the Complaint is denied.

_____
Don J. Svet
**UNITED STATES MAGISTRATE JUDGE**