IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL HODGE and CHRIS MACKEY,**

      Plaintiffs,

vs.                                       **Civ. No. 99-561 DJS/WWD-ACE**

**SGT. MARK RHOADS, et al.,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion and Memorandum to Award Attorneys' Fees and Expenses filed December 28, 2000. Plaintiffs are seeking an order awarding attorneys' fees and costs pursuant to 42 U.S.C. Sec. 1988. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Plaintiffs' Motion is well taken and will be granted in part.

**BACKGROUND**

Plaintiffs filed a Complaint for Damages for Violations of Civil Rights and a Supplemental Claim under State Law on May 18, 1999 against six Defendants, including the City of Hobbs, Chief of Police Tony Knott and four individual police officers. Plaintiffs sued for wrongful arrest and repeated stops by Hobbs police officers. They based their claims on violations of the Fourth and

1

Fourteenth Amendments to the United States Constitution. Plaintiffs also brought state law claims for malicious abuse of process. Additionally, Plaintiffs alleged supervisory and municipal liability claims against Chief Knott and the City of Hobbs.

On March 15, 2000 Plaintiffs filed an Unopposed Motion to Dismiss Count III (Mackey's Fourth Amended Claim Arising from the Football Game), Count V (Plaintiffs' Claims under 42 U.S.C. Sec. 1985(3)) and Count VII (Plaintiffs' Claim against Chief Knott under 42 U.S.C. Sec. 1986) which was granted by the Court. On April 14, 2000, the Defendants filed a Motion for Summary Judgement which was heard and ruled upon at oral argument in August of 2000. At the hearing Defendants withdrew their summary judgment motion regarding Counts I and IV, conceding that there was an issue of fact as to whether there was probable cause for the two arrests at issue in those claims. The Court further denied Defendants' motion on Counts VIII and IX on the grounds there was a question of fact on these issues. The Court granted Defendants' summary judgment motion on Count II.

Trial commenced on October 2, 2000 on all claims for individual liability which included Count I (Hodge's Fourth Amendment Claim Arising from the Football game), Count IV (Mackey's Fourth Amendment Claim Arising From Subsequent Harassment including the December 1998 arrests by Defendants Rhoads and Patterson), and Count VI (Plaintiff's Claims for Malicious Abuse of Process).

Supervisory and municipal liability claims were to be heard in a second phase of the trial.

At trial each Plaintiff prevailed on one count against one individual Defendant officer. Plaintiff Hodge obtained a $1,600.00 verdict against Officer Shaw regarding the October 11, 1996 arrest (Count I) and Plaintiff Mackey obtained a $16,941.81 verdict against Defendant Officer Rhoads regarding the December 7, 1998 arrest (part of Count IV). The damages awarded were the amount Plaintiffs paid their attorneys for representation in the respective criminal cases arising from the arrests described above. Plaintiffs did not recover any other compensatory damages, punitive damages or any equitable relief. No liability was found by the jury on the part of Defendant Officers Porter and Patterson. No liability was found on the part of Chief Knott. The remaining issues in the case settled prior to the trial of the second phase of the lawsuit.

Other significant proceedings in the lawsuit include the settlement negotiations. Plaintiffs' assert they tried to settle their cases during various stages of the litigation. Plaintiffs state that they would have agreed to a minimal monetary settlement on the condition that the Hobbs Police Department initiate training on Fourth Amendment law for all of its police officers. Defendants challenge this assertion as untrue. The issue of settlement arose at the pre-trial conference where it became clear that, as stated by the Plaintiffs, Defendants were not willing to settle for two

reasons: first, the Defendants took the position they acted constitutionally and did nothing wrong and second, the Defendants were concerned over the effect a settlement would have on other pending cases against the City of Hobbs.

**ANALYSIS**

In federal civil rights cases, the court may, in its discretion, award costs and fees to the prevailing party. 42 U.S.C. 1988. As each Plaintiff prevailed on one issue they are considered prevailing parties and thus entitled to attorney fees and costs. Texas State Teachers Ass'n. v. Garland Independent School District, 489 U.S. 782 (1989).

Plaintiffs seek fees of almost $200,000 and litigation expenses in the amount of $19,323.95. The Plaintiffs were represented by three attorneys, Ms. Jane Gagne, Ms. Linda Vanzi and Mr. Brad Hall. Ms. Gagne is seeking fees of $48,647.45. The fees are based on 379.6 hours at $135.00 per hour and 22 hours of travel time at $100.00 per hour. She has reduced this by 10 percent for "undetected excess." Ms. Vanzi, seeks fees of $39,918.55. She claims fees for 310.5 hours of time at $135.00 per hour. She has reduced this by 10 percent for "undetected excess." Mr. Hall seeks fees of between $97,535.85 and $123,545.41. The fees are based on 682.80 hours of time at an amount between $150.00-$190.00 per hour. He also reduced his request by 10 percent for "undetected excess."[1]

---

[1] Each of Plaintiffs' counsel submitted the total fees requested based on their hourly rate and number of hours worked.

The United States Tenth Circuit Court of Appeals has outlined the factors to be used in determining the amount of attorneys fees in civil rights cases. Ramos v. Lamm, 713 F.2d 546 (10th Cir. 1983). Fees under Section 1988 are calculated under the "lodestar" formula, that is the reasonable number of hours expended times a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424,433 (1983); Ramos, 713 F.2d at 552. The Supreme Court has addressed the question "whether a partially prevailing plaintiff may recover an attorney's fee for legal services on unsuccessful claims." Hensley 461 U.S. at 426. The Court held that:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But when the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

Id. at 440.

The degree of success obtained is the "most critical factor" in determining the reasonableness of the fee award. Hensley, 461 U.S. at 436. The Supreme Court has further said that in such instances the court may identify specific hours that should be eliminated or reduce the award in relation to the limited success.

---

Though the Court is aware that the calculations presented do not add up, it will use the amounts submitted by Plaintiffs. Defendants did not address this issue.

5

Id. at 436-7. Further, in determining fees, a "primary consideration" is the amount of damages award as compared to the amount sought. Farrar v. Hobby, 506 U.S. 103, 114 (1992).

Having presided over the trial, the court is in a position to make a determination regarding the degree of Plaintiffs' success. Considering the procedural history of this matter outlined above, it is clear that the Plaintiffs achieved only "limited success." The success was limited in relation to the scope of the litigation as a whole. In such cases, courts have made across the board reductions. Jane L. v. Bangerter, 61 F.3d 1505 (on remand the court required the district court, which reduced the lodestar by seventy-five percent, to analyze the success and losses of the plaintiff); David v. Southeastern Pa. Transp. Auth., 924 F.2d 51 (3rd Cir. 1991)(low damage award along with plaintiff's failure to seek equitable relief as set forth in pretrial order resulted in a two-thirds reduction); Jensen v. Clarke, 94 F.3d 1191, 1203 (affirming the district court's 10 percent across-the board-reduction for poor documentation, and affirming the district court's rejection of a 75 percent across-the-board reduction for limited success, not because that method was inappropriate, but because the relief granted had been "major").

Each Plaintiff prevailed on a single count of the Complaint, each dealing with claims for wrongful arrest. There was no recovery on the most significant issue of the case, that of investigatory stops of the Plaintiffs by officers of the Hobbs

Police Department.  Plaintiff Michael Hodge alleged he was stopped at least four times by Hobbs Police Department officers. Complaint, Para. 40.  Plaintiff Chris Mackey alleged he was stopped between 50-70 times by Hobbs Police Department officers. Complaint, Para. 43.  From the Complaint through the trial, it was this issue that the Plaintiffs emphasized.  In their Trial Brief Plaintiffs state that the "case arises out of repeated stops by Plaintiffs by Hobbs police officers which Plaintiff allege are in violation of the Fourth Amendment."  Plaintiff's Trial Brief, September 11, 2000, p. 1.  Plaintiffs further state that they "agreed early in this case to not pursue damages for excessive force arising from the football game because that would detract from the Fourth Amendment issues of interest in this case having to do with the repeated subsequent stops of Plaintiffs." Id.  The jury found that the Defendants were not liable on this critical issue.

Further, the Plaintiffs did not receive the amount of damages sought.  The Complaint requested the following relief from the Defendants:

A.  Actual and compensatory damages sufficient to make Plaintiff whole;
B.  Attorney's fees for the criminal defense cases brought against Plaintiff;
C.  Compensation for the physical pain caused by excessive force;
D.  Compensation for the time spent answering police questions during illegal detentions, searches and seizures;
E.  Compensation for the value of the constitutional violations;
F.  Equitable relief sufficient to remedy the constitutional wrongs, cause the necessary remedial training, and

    prevent future violations;
G. Punitive damages against individual Defendants;
H. Attorney fees, expenses, costs, prejudgment interest and post judgment interest, as provided bylaw, for this case and
I. Such other and further relief as this Court deems just and proper.

Complaint, pp. 21-22.

  Thus, Plaintiffs prevailed only on their claims for attorneys' fees arising out of the criminal cases brought against them, and only against two individual Defendant officers. It is not an exaggeration to label this outcome as a "limited success." Counsel for the Plaintiffs submitted 74 pages of time sheets. Rather than a line-by-line reduction the court will reduce the fees by twenty (20) percent. Accordingly, the attorneys' fees sought will be reduced by 20 percent, which takes into account the duplicative billing pointed out by Defendants.

  **FEES AND COSTS AWARDED**

  The Court finds as follows:

1. The hourly rate requested by Ms. Gagne and Ms. Vanzi of $135.00 is reasonable.

2. The hourly rate requested by Mr. Hall of $150.00 is reasonable.

3. The attorneys' fees will be reduced by twenty (20) percent.

4. The costs sought by Plaintiffs were reasonably incurred in the course of litigation and thus are allowed.

5.  Plaintiff are entitled to recover payment of New Mexico's gross receipts tax on the award.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff's Motion and Memorandum to Award Attorneys' Fees and Expenses is granted in part and that Plaintiffs shall be awarded $148.881.48 in attorneys' fees, plus gross receipts tax and $19,323.95 in costs.

_____
Don J. Svet
**UNITED STATES MAGISTRATE JUDGE**